ELI KLOTZ, Respondent, v. GEORGE BATES et al., Appellants.

**St. Louis Court of Appeals, February 27, 1900.**

**Married Woman:** ACCOUNT: HER PROMISE NOT BINDING. Although defendant may have agreed through her agent for a valid consideration to make good to plaintiff any damages or costs he might have to pay in protecting his covenants of warranty in his deed to Mrs. Pennington, still as defendant was under the common-law disability of coverture, she was incapable of binding herself personally by any promise whatever, and therefore no cause of action existed against her.

Appeal from the Wayne Circuit Court.—*Hon. Frank R. Dearing*, Judge.

REVERSED.

*S. R. Durham* for appellant.

The mere oral declaration of George Bates that the title to the Pennington farm was all right, and if not right he would make it right, can not bind this appellant as there was

no evidence that she ever authorized such a promise to be made to bind her, and the plaintiff so understood or he would not have sued George Bates in the first instance, and if there had been such evidence it could not bind the appellant as she was at the time a married woman and unable to bind herself in law or personally either by her own contract or that of an agent. State v. Kevil, 17 Mo. App. 144; Bechman v. Lewis, 27 Mo. App. 87; Higgins v. Peltze, 49 Mo. 152. A contract made by a married woman prior to the revision of 1889, as this one was made, if made at all, could not create even a dormant obligation. Van Rheeden v. Bush, 44 Mo. App. 284; Burns v. Capstick, 46 Mo. App. 398; Gazollo v. McCann, 63 Mo. App. 414. The court erred in submitting to the jury the question of agency, as a married woman could not, as the law was then, have an agent. Flesh v. Lindsay, 115 Mo. 1; Wilcox v. Todd, 64 Mo. 390.

No brief for respondent.

BLAND, P. J.—This suit is on the following account filed with the petition:

"EXHIBIT A.

"George Bates and Piety E. Bates, to Eli Klotz, Dr.
January 1st, 1895.

"To cash paid to sheriff of Wayne county, Mo., judgment and costs in case of Jennie Pennington v. Eli Klotz, itemized as follows, to wit:

| | |
|---|---:|
| Judgment | $ 46.00 |
| Clerk's fees | 6.05 |
| Sheriff's fees | 17.90 |
| Juror's fees | 18.00 |
| Witness fees | 40.35 |
| Sheriff's com. | 2.84 |
| Total | $131.14 |

For the use of and at the request of George Bates and Piety E. Bates.

Amount due ......................$131.14"

The evidence is that the defendant is a married woman; that in 1889 and prior thereto she was engaged in the saw mill business on her own account and in her own name, and that George Bates, her husband, was her general agent, and as such managed her business; that in the year 1889 defendant owed the plaintiff on general account $1,700; that to secure the account in part, she transferred to plaintiff a note, secured by a deed of trust, for $1,000, executed by one Britts. In the same year (1889) Britts being unable to pay the note secured by the deed of trust, he and George Bates negotiated a sale of the premises covered by the mortgage to Mrs. Jennie Pennington for $900, with the consent of plaintiff. Mrs. Pennington was not willing to rely on Britts' warranty, and to effect the trade it was agreed that Britts should deed the premises to plaintiff, and that plaintiff should then make a general warranty deed to Mrs. Pennington. Plaintiff hesitated to do this, but on the promise of George Bates that he would make it all right and make the title good if there should be a failure, plaintiff took deed from Britts, then executed and delivered to Mrs. Pennington a general warranty deed to the premises, received the purchase price $900, which he credited to defendants' account, less a few dollars for abstract of title, etc. In 1894, Mrs. Pennington discovered that the land conveyed to her was short of the quantity described in the deed to her, about five acres, and sued and recovered judgment against plaintiff for $46.00 on account of the deficiency. This judgment and the costs accruing makes up the account sued on, all of which plaintiff paid before suit. Plaintiff testified that George Bates employed an attorney to defend the suit; that plaintiff charged this attorney's fee to the general account of defendant, and

that defendant afterwards paid the account, including the fee. He also testified that when he called on George Bates to pay the judgment and costs, Bates told him that he was not able to do so. The defendant testified that when she paid the account of plaintiff she did not know or notice that the attorney fee was included. Plaintiff nowhere testified that when he was sued or at any time afterwards was there a promise on the part of the defendant or of George Bates her agent, to make good to plaintiff any damages or costs he might have to pay, as a result of the suit. The only promise to be responsible for such damages was made in March, 1889. The promise was made in 1889; the damages accrued in 1894. Conceding that the original promise was for a valid consideration when made, the defendant was at that time, as to the promise, under the common law disability of coverture and incapable of binding herself personally by the promise. She pleaded her disability as a defense; it should have been recognized by the court, and the defendants' demurrer to the evidence at the close of plaintiff's case should have been given.

The judgment is reversed. All concur.